[No. 12153. In Bank. — January 27, 1888.]

## A. DALLEMAND ET AL., APPELLANTS, *v.* ODD FEL-LOWS' SAVINGS BANK ET AL., RESPONDENTS. GEORGE T. MARYE ET AL., INTERVENORS AND RESPONDENTS.

SAVINGS BANK — CAPITAL STOCK — SUBSCRIPTION — STOCKHOLDERS — DE-POSITORS — LIQUIDATION. — The Odd Fellows' Savings Bank was origi-nally incorporated as a membership savings bank. Becoming financially embarrassed, in 1878, at a meeting of its depositors, it was determined to reorganize under section 300 of the Civil Code into a bank having a capital stock. Subsequently in the same year the corporation resolved to reincorporate. In pursuance of this project, certain of the depositors and others unconditionally subscribed to the capital stock, the deposi-tors paying in their deposits on account of their subscriptions. Before the total amount of the capital was subscribed for, the bank incorporated and organized, and commenced to carry on business. It soon again became embarrassed, and was forced into liquidation. In carrying out the liquidation, the board of directors proceeded to pay dividends; the stockholders who had handed over their deposits on account of stock subscriptions being excluded from participation therein. The present action is brought on behalf of such stockholders to establish their right to share in the dividends. *Held,* that as the subscription to the stock was unconditional, the depositors subscribing became stockholders, and were not entitled to share in the dividends as depositors.

ID. — ENTIRE CAPITAL NEED NOT BE SUBSCRIBED. — It is not a condition precedent to the incorporation of a bank, or to its right to commence business as such, that the entire amount of capital stock provided for in its articles of incorporation should be subscribed for.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Charles J. Swift, D. M. Delmas,* and *Edward P. Cole,* for Appellants.

The subscription to the capital stock was conditional upon the entire amount of the stock being subscribed. Until this was done, the subscribers did not become stockholders. (*Cabot & W. S. Bridge Co.* v. *Chapman,* 6 Cush. 50; *Salem Milldam Co.* v. *Ropes,* 6 Pick. 23; *Water-*

*ford R. R. Co.* v. *Dalbiac,* 6 Ex. 443; *Penobscot R. R. Co.*
v. *Dummer,* 40 Me. 172; *Penobscot R. R. Co.* v. *Bartlett,*
12 Gray, 244; *Burt* v. *Ferrar,* 24 Barb. 518; *Hughes* v.
*Mfg. Co.,* 34 Md. 316; *Erie R. R. Co.* v. *Owen,* 32 Barb.
616; *Troy etc. R. R. Co.* v. *Newton,* 8 Gray, 596; *Kelsey* v.
*Northern L. O. Co.,* 54 Barb. 111; *Contoocook V. R. R.* v.
*Barker,* 32 N. H. 363; *Littleton Mfg. Co.* v. *Parker,* 14
N. H. 543; *New Hampshire Cent. R. R.* v. *Johnson,* 30
N. H. 390; *Peoria & R. I. R. R. Co.* v. *Preston,* 35 Iowa,
115.)   The plaintiffs are not estopped to deny their lia-
bility as stockholders.   (*Boggs* v. *Merced M. Co.,* 14 Cal.
279; Morawetz on Corporations, sec. 230; Taylor on
Corporations, sec. 133; Green's Brice's Ultra Vires, 158;
*Grangers' Life Ins. Co.* v. *Kamper,* 73 Ala. 325; *Percy* v.
*Mullandon,* 3 La. 386.)

*Arthur Rogers,* for Intervenors and Respondents.

The plaintiffs are stockholders, and their rights to the
bank funds must be postponed until the depositors are
paid.   (Civ. Code, secs. 300, 309, 573; Stats. 1871–72, p.
132, sec. 18.)   The subscription agreement is not condi-
tional.   (*Schenectady etc. R. R. Co.* v. *Thatcher,* 11 N. Y.
107; Civ. Code, secs. 531, 290, 293, 295, 301, 304, 309,
512, 322.)   Assuming that the subscription agreement
contains the condition claimed by the plaintiff, still the
condition has been waived by every act which could
possibly express such waiver.   (*Ossipee M. Co.* v. *Con-
ney,* 54 N. H. 295; *Barington* v. *Pittsburg R. Co.,* 34 Pa.
St. 358; *Dayton R. Co.* v. *Hatch,* 1 Disney, 84; *Haynes* v.
*Brown,* 36 N. H. 545.)

*Tilden & Tilden,* for Defendants and Respondents.

SHARPSTEIN, J.—The controlling facts of this case are
stated with sufficient fullness we think in the following
extract of an opinion filed by the court below on over-
ruling a demurrer to the plaintiff's complaint:—

"In this action, it appears that the corporation de-

fendant was originally a membership savings bank, incorporated October 13, 1866, as distinguished from one based upon the guaranty of a capital stock.

"In the year 1878, and prior thereto, there was a great stress upon the administration by reason of repeated runs occasioned by panics among the depositors.

"To obviate the perils then threatening the bank's financial existence, at a meeting of the depositors, held on the twenty-fourth day of June, 1878, it was determined to make the bank one of capital stock, reorganizing under section 300 of the Civil Code, it being hoped that such action would enhance the financial repute of the corporation. On the first day of August, 1878, the corporation also resolved to reincorporate. In accordance with the project, it was determined by such of the depositors as were sanguine in that regard to subscribe themselves, and to open a subscription for capital stock to the amount of two hundred and fifty thousand dollars, to be divided into two thousand five hundred shares of one hundred dollars each; to give the depositors the preference as subscribers; no one person to take more than five thousand dollars, and to accept as payment the funds of such as had moneys in the bank.

" The subscription was effected to the extent of about $133,500, of which amount $128,975 was actually deposited in bank, including as well funds subscribed by depositors as also moneys actually paid into the bank by others not depositors for stock, and the parties so subscribing thereupon, without waiting until the complement of stock had been subscribed, executed the articles of incorporation, reciting that stock had been subscribed, and thereafter organized, elected directors and officers, and passed by-laws, and relieved the old board and depositors of the management of the bank, which was concurred in legally, so far as appears, by all parties interested.

"The bank, however, did little business; some deposits

were received; some investments made; but owing to the continued calls of depositors, the bank still declined in business; and finally, on the fifth day of February, 1879, was forced practically to suspend, the business of liquidation being left to the board of directors.

"This board proceeded to call in as rapidly as it could the outstanding assets, to reduce them to cash, and to pay dividends, which thus far have amounted to sixty-five per cent of the deposits, the stockholders who had handed over their deposits on account of stock subscription being excluded from participation in the dividends so declared by the directors.

" These stockholders now come into court for relief, claiming that their subscriptions were only conditional on the event of the entire two hundred and fifty thousand dollars being subscribed; that that amount never actually was subscribed; that the proceedings had in the way of incorporation were inchoate, for the reason of the failure of the condition; and that they, the stockholders, should be relegated to their original *status* as depositors, and should have their share in the dividends thus far declared made good to them, and be put on a standing of equality with the remaining depositors in all respects.

" On the other hand, counsel representing the depositors who are not stockholders claims that the subscription was not a conditional one; that the plaintiff stockholders waived any condition, if such existed, by incorporating, by their articles of incorporation, and by their proceeding to manage the bank as if the old association had been merged in the stockholding organization."

The subscription for said capital stock was made by each of the subscribers signing an instrument in writing, of which the following is a copy:—

"SUBSCRIPTIONS OF THE CAPITAL STOCK OF THE ODD FELLOWS' SAVINGS BANK.

" Whereas, the Odd Fellows' Saving Bank, a corporation duly incorporated under the laws of the state of

California, and having its principal place of business in the city and county of San Francisco, in said state, has resolved at a meeting of said corporation, held this twenty-fourth day of June, A. D. 1878, to create a capital stock for said bank of two hundred and fifty thousand dollars ($250,000), divided into two thousand five hundred shares (2,500), of one hundred dollars ($100) each, as provided in section 300 of the Civil Code of the state of California;

" Now, therefore, we, the undersigned, do hereby subscribe for the number of shares of said capital stock written opposite to our respective names, and we do hereby agree to pay for the same at the time and in the manner required by said corporation. Dated San Francisco, June 24, 1878. Names —— No. of shares —— Amount —— Residence ——

The plaintiff subscribed and paid for forty shares, four thousand dollars. After that, he availed himself of the rights and privileges of a stockholder, and did not assert or claim that his relation to the corporation was other than that of a stockholder, until he commenced this action. He now contends that he never became a stockholder, because it required a subscription of the entire capital stock, provided for in the articles of incorporation, to constitute the Odd Fellows' Bank an incorporation, and that his subscription was upon the condition that the whole amount should be subscribed.

His subscription was not made on any such express condition, and the law of this state, so far as we are advised, does not make the incorporation of a bank, or its right to commence business as such, depend upon the subscription of the *entire* amount of stock provided for in the articles of incorporation.

" The subscription of the entire capital provided by the articles of association or charter of a corporation is ordinarily not a condition precedent to the consummation of the contract of membership and formation

of a corporation." (Morawetz on Private Corporations, 57.)

It is not shown that any material errors were committed during the trial of this case, and the findings of fact are justified by the evidence. We think the conclusions of law fully warranted by the facts found.

Judgment and order denying the motion for a new trial affirmed.

SEARLS, C. J., McFARLAND, J., THORNTON, J., and PATERSON, J., concurred.

Rehearing denied.